## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| THEODORE STEVENS, | ) | 3:14-CV-0368-MMD (VPC) |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | October 22, 2015 |
| SHERYL FOSTER, et al., | ) | |
| Defendants. | ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   LISA MANN          REPORTER: NONE APPEARING

COUNSEL FOR PETITIONER(S): NONE APPEARING

COUNSEL FOR RESPONDENT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is plaintiff's motion to reconsider appointment of counsel (#21). In his motion, plaintiff contends that he needs an expert in the "field of vampire publishing," a private investigator to find defendant L. Ward, and an expert attorney. Defendants filed an opposition (#24), and plaintiff replied (#25). Plaintiff's motion to reconsider appointment of counsel (#21) is **DENIED** for the reasons set forth in the court's order #19.

Moreover, plaintiff's *in forma pauperis* status only adjusts the amount of filing fee that the plaintiff must prepay. *See Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (affirming the Magistrate Judge's finding that "the *in forma pauperis* statute[] does not waive payment of fees or expenses for witnesses). This court declines to exercise its discretion under Rule 706(b) to appoint an expert witness and apportion related costs to one side. *McKinney v. Anderson*, 924 F.2d 1500, 1510-11 (9th Cir. 1991), *vacated and remanded on other grounds*, *Helling v. McKinney*, 503 U.S. 903 (1991). The purpose of appointing such an expert is to assist the trier of fact, not to select an advocate to plaintiff. *Students of California School for the Blind v. Honig*, 736 F.2d 538, 549 (9th Cir. 1984), *vacated on other grounds*, 471 U.S. 148 (1985). Finally, "[t]he plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant." *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995).

Finally, plaintiff may seek to ascertain the identity of defendant L. Ward through the regular discovery process which can include interrogatories, requests for admission, and/or requests for production of documents.

**IT IS SO ORDERED.**

                                                LANCE S. WILSON, CLERK

By:         /s/                       
                Deputy Clerk