UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THEODORE STEVENS,<br><br>                    Plaintiff,<br>    v.<br>SHERYL FOSTER, *et. al.*,<br><br>                    Defendants. | Case No. 3:14-cv-00368-MMD-VPC<br><br>ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALERIE P. COOKE |

## I.    SUMMARY

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (ECF No. 64) ("R&R") relating to Defendants' motion for summary judgment ("Defendants' Motion") (ECF No. 51), Plaintiff's motion for judgment independent of the motion (which the Magistrate Judge construed as a cross-motion for summary judgment) ("Plaintiff's Motion") (ECF No. 57). The Magistrate Judge recommends that Defendants' Motion be granted and Plaintiff's Motion be denied. Plaintiff filed an objection (ECF No. 67) and defendants responded (ECF No. 70). Plaintiff filed a supplemental reply without leave of court (ECF No. 72),[1] but the Court will consider it.

Plaintiff filed three motions for leave to amend his complaint. (ECF Nos. 68, 71, 73.) Two of these motions are identical to the other filings. (Compare ECF No. 67 with ECF No. 68; compare ECF No. 72 with ECF No. 73.) One of the motions, filed as ECF No. 71, is essentially a reply to Defendants' response to Plaintiff's objection.

---

[1] LR IB 3-1(a) provides that a reply in support of an objection will be permitted with leave of court.

For the reasons discussed below, the Court adopts the R&R in full and denies Plaintiff's motion for leave to amend his complaint.

## II. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). Plaintiff's claims are based on events that occurred while he was incarcerated at the Lovelock Correctional Center ("LCC"). (ECF No. 6 at at 1; ECF No. 7 at 3.) After screening of Plaintiff's First Amended Complaint ("FAC"), the Court permitted two counts (II and III) for First Amendment retaliation to proceed. (ECF No. 7 at 5-6.) The relevant background facts are explained in detail in the R&R, which this Court adopts. (ECF No. 64.)

## III. LEGAL STANDARD

### A. Review of the Magistrate Judge's Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g., Johnstone*, 263 F.

Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

### B.     Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some

metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

### A. Plaintiff's Motion for Summary Judgment

The Magistrate Judge construed Plaintiff's Motion as a cross-motion for summary judgment because of the manner in which it was filed — Plaintiff filed duplicate documents entitled "Plaintiff's opposition to defendants' motion for summary judgment and plaintiff's motion for judgment independent of the motion FR Civ P Rule 56F." (ECF Nos. 56, 57.) The Magistrate Judge denies Plaintiff's Motion because it highlights claimed disputed facts. (ECF No. 64 at 5.) The Court agrees and adopts this recommendation.

The Magistrate Judge recommends that summary judgment be granted in favor of Defendants on count II in part because Plaintiff failed to establish the causation element of his retaliation claim. (ECF No. 64 at 6-8.) In particular, the Magistrate Judge found that Defendants offered undisputed evidence to show that the alleged retaliatory conduct — transfer to Ely State Prison's ("ESP") segregation unit — was contemplated as early as January 29, 2013, more than two weeks before Plaintiff filed his grievance against Defendant Weightman (on February 14, 2013), and the transfer request was noted on February 12, 2013, and was noted as moving forward on February 13, 2013. (ECF No. 64 at 7.) Plaintiff's objection does not address the Magistrate Judge's finding of these undisputed facts that negate an essential element of his claim. Instead, Plaintiff argues that he should be permitted to add additional defendants who were involved in processing the transfer as early as January 29, 2013, before the disciplinary hearing. (ECF No. 67 at 4.) Plaintiff misses the point.

To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an

4

1 inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2004). The FAC alleges that Plaintiff was transferred from LCC's general population to ESP's administrative segregation unit in retaliation for Plaintiff's indication to Defendant Ward that Plaintiff wanted to file a grievance against Defendant Weightman. (ECF No. 6 at 7.) Plaintiff attempts to cure the legal deficiency of his claim by seeking to add additional defendants who were involved in initiating the transfer before the alleged protected activity — Plaintiff's filing of a grievance against Defendant Weightman — occurred. The Court therefore agrees with the Magistrate Judge that summary judgment on count II should be entered in favor of Defendants.

The Magistrate Judge found that summary judgment should be granted as to count III because Plaintiff has not established that his First Amendment activities caused Defendants to place him in segregation for the second period (from February 26, 2013, to May 29, 2014) and Plaintiff fails to establish essential elements of his retaliation claim with respect to the first period of segregation (January 23, to February 12, 2014).[2] (ECF No. 64 at 9-10.) In terms of the Defendants named in connection with the first period of segregation, the Magistrate Judge found that Defendant Weightman was not involved in issuing the Notice of Charge ("NOC"), Defendant Armstead presided over a disciplinary hearing that occurred after the NOC was issued and the segregation decision had been made, and Defendants LeGrand and Foster were also not involved in issuing the NOC or in the segregation decision. (*Id.*) Plaintiff does not challenge these findings. The Court agrees with the Magistrate Judge and adopts her recommendations with respect to these Defendants.

///

---

[2]Count III alleges that Plaintiff was placed in the hole for charges of an MJ51 because he engaged in his constitutional right to write fiction stories in prison. (ECF No. 6 at 8) The Court permitted this count to proceed, finding that the FAC states a colorable retaliation claim — Defendants purportedly charged Plaintiff with compromising staff and placed him in segregation for writing stories about people in prison. (ECF No. 7 at 6.)

Finally, the Magistrate Judge found that while Defendant Kassebaum charged Plaintiff with a MJ51 violation in part for the contents of his story, defendants have shown that Kassenbaum had reason to believe that Plaintiff was using her name in a story, that Plaintiff was trying to get access to Facebook to publish that story and that Plaintiff abused LCC's computer policy, all of which caused her to conclude that Plaintiff was trying to compromise staff. (*Id.* at 11.) The Magistrate Judge concluded that Plaintiff at best has demonstrated that Kassenbaum was mistaken in her belief, but fails to offer more than conclusory statements to demonstrate retaliatory animus. (*Id.*) In his objection, Plaintiff reiterates his arguments as to why Kassenbaum was wrong in her beliefs, but he offers no specific evidence to show disputed material issue of facts exists on the element of retaliatory animus. The Court agrees with the Magistrate Judge and will adopt the R&R on count III.

## V. PLAINTIFF'S MOTIONS TO AMEND

Plaintiffs filed three motions to amend (ECF Nos. 68, 71, 73) to seek leave to add new parties. However, the addition of the proposed defendants does not address the legal deficiencies of his retaliation claim in count II. *See* discussion *supra* at Section IV. Thus, even assuming Plaintiff can demonstrate good cause for seeking leave to amend after the time to amend has expired,[3] amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (courts may deny leave to amend where amendment would be futile). Plaintiff's motions to amend will therefore be denied.

## VI. CONCLUSION

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (ECF No. 64) is accepted and adopted in full.

///

---

[3] The scheduling order sets November 16, 2015, as the deadline to amend pleadings. (ECF No. 22 at 1.)

It is further ordered that Defendants' Motion for Summary Judgment (ECF No. 51) is granted.

It is further ordered that Plaintiff's motion for summary judgment (ECF No. 57) is denied.

It is further ordered that Plaintiff's motions for leave to amend complaint (ECF Nos. 68, 71, 73) are denied.

It is further ordered that the Clerk of Court enter judgment in favor of Defendants and close this case.

DATED THIS 20th day of September 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE