UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THEODORE STEVENS,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>SHERYL FOSTER, *et. al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:14-cv-00368-MMD-VPC<br><br>ORDER |

　　　　The Court granted summary judgment in favor of Defendants on Plaintiff's two claims (counts II and III) for First Amendment retaliation and denied Plaintiff's motions to amend. (ECF No. 76.) Before the Court is Plaintiff's motion to vacate the judgment. (ECF No. 81.) Defendants have opposed (ECF No. 82) and Plaintiff has replied (ECF No. 83). Plaintiff also filed two supplements to his motion. (ECF Nos. 84, 85.) The Court will strike Plaintiff's two supplements as they were filed in violation of LR 7-2(g)[1] and Plaintiff has had ample opportunity to raise his arguments.

　　　　In order to preserve the finality of judgments, the Federal Rules of Civil Procedure limit a party's ability to seek relief from a final judgment. *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009). Rule 60(b) lists six grounds under which a party may seek relief from a final judgment:

　　　　(1) mistake, inadvertence, surprise, or excusable neglect;

　　　　(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[1]LR 7-2(g) provides that supplementation is not allowed without leave of court, and the court may strike supplemental filings.

(3) fraud (whether previously intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In determining whether to grant relief from a judgment, a court may consider whether (1) the intervening change in law overruled an otherwise settled legal precedent in petitioner's favor; (2) the moving party was diligent in pursuing the issue; (3) the final judgment caused one or more of the parties to change his position in reliance on the judgment; (4) there is delay between the finality of the judgment and the motion for Rule 60(b)(6) relief; (5) there is a close connection between the original and intervening decisions at issue in the Rule 60(b) motion; and (6) relief from judgment would upset the principles of comity governing the interaction between coordinate sovereign judicial systems. *Phelps*, 569 F.3d at 1135-40 (involving a motion made under Rule 60(b)(6) based on a change in controlling law).

Plaintiff makes no showing that relief from the judgment is warranted in this case. Plaintiff reargues that the Court should have permitted him leave to amend his complaint and that the Court should not have granted summary judgment because Defendants purportedly retaliated against him based on the contents of his story. The Court addressed these issues in granting summary judgment and denying leave to amend. (ECF No. 76.) The Court will therefore deny Plaintiff's motion.

It is therefore ordered that Plaintiff's motion to vacate (ECF No. 81) is denied. The Clerk is further instructed to strike Plaintiff's two supplements (ECF Nos. 84, 85) as improperly filed without leave of court pursuant to LR 7-2(g).

DATED THIS 4th day of April 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE